UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MICHAEL ALLEN HUFF,

        Plaintiff,

        v.                               CAUSE NO.: 3:18-CV-121-PPS-MGG

STEPHEN TABLER,

        Defendant.

## OPINION AND ORDER

Michael Allen Huff, a prisoner without a lawyer, filed a complaint against Stephen Tabler, the jail commander at the Pulaski County Jail. "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, pursuant to 28 U.S.C. § 1915A, I must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

Huff alleges that he complained to Tabler that he did not receive a timely disciplinary hearing. On August 23, 2016, without warning and for no apparent reason, Tabler transferred Huff from the Pulaski County Jail to the Starke County Jail. The conditions at the Starke County Jail were more severe; there, Huff was deprived of

recreation for days at a time, was assaulted by other inmates, and maced by the jail officials. The food was also inferior, and he did not know anybody. Because he was unable to contact his family and attorney, the transfer also resulted in the loss of visits, mail, and money deposits and interfered with his pending legal matters.

Huff alleges that Tabler transferred him in retaliation for complaining about the timing of his disciplinary hearing. "To prevail on his First Amendment retaliation claim, [a plaintiff] must show that (1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the Defendants' decision to take the retaliatory action." *Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012) (quotation marks and citations omitted). A plaintiff "must allege a chronology of events from which retaliation may plausibly be inferred." *Cain v. Lane*, 857 F.2d 1139, 1143 n.6 (7th Cir. 1988); *Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002). Giving Huff the inferences to which he is entitled at this stage, he states a claim of First Amendment retaliation against Tabler.

Huff also alleges that the transfer violated his right to be free from cruel and unusual punishment and his right to due process. Because Huff is a pretrial detainee rather than a convicted prisoner, "we assess [his] claim under the Fourteenth Amendment instead of the Eighth Amendment." *Mulvania v. Sheriff of Rock Island Cty.*, 850 F.3d 849, 856 (7th Cir. 2017). "[T]he Fourteenth Amendment's Due Process Clause prohibits holding pretrial detainees in conditions that amount to punishment." *Id.* "A pretrial condition can amount to punishment in two ways: first, if it is imposed for the

purpose of punishment, or second, if the condition is not reasonably related to a legitimate goal—if it is arbitrary or purposeless—a court permissibly may infer that the purpose of the government action is punishment." *Id.* A pretrial detainee can "prevail by providing only objective evidence that the challenged governmental action is not rationally related to a legitimate governmental objective or that it is excessive in relation to that purpose." *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2473 (2015). The complaint plausibly implies that the transfer to the Starke County Jail amounts to punishment. Huff thus states a due process claim under the Fourteenth Amendment against Tabler.

Accordingly:

(1) Michael Allen Huff is GRANTED leave to proceed on a claim against Stephen Tabler for retaliating against Huff in violation of the First Amendment by transferring him to another jail;

(2) Michael Allen Huff is GRANTED leave to proceed on a claim against Stephen Tabler for punishing Huff in violation of the Fourteenth Amendment by transferring him to another jail;

(3) all other claims are DISMISSED;

(4) the clerk and the United States Marshals Service are DIRECTED to issue and serve process on Stephen Tabler at the Pulaski County Jail with a copy of this order and the complaint as required by 28 U.S.C. § 1915(d); and

(5) Stephen Tabler is ORDERED, pursuant to 42 U.S.C. § 1997e(g)(2), to respond, as provided by the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10.1, only to the

claims for which Michael Allen Huff has been granted leave to proceed in this screening order.

SO ORDERED on March 1, 2018.

s/ Philip P. Simon
JUDGE
UNITED STATES DISTRICT COURT