UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MICHAEL ALLEN HUFF,

    Plaintiff,

    v.

STEPHEN TABLER,

    Defendant.

CAUSE NO.: 3:18-CV-121-PPS-MGG

OPINION AND ORDER

Michael Allen Huff, a prisoner without a lawyer, filed a proposed amended complaint. At this stage of the proceedings, "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a)(2). Because Huff did not have leave to amend, I construe the proposed amended complaint as a motion for leave to amend. "Reasons for finding that leave should not be granted include undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Airborne Beepers & Video, Inc. v. AT & T Mobility LLC*, 499 F.3d 663, 666 (7th Cir. 2007).

In the screening order, Huff, a pretrial detainee, was allowed to proceed on a claims under the First and Fourteenth Amendments against Jail Commander Tabler for transferring him to the Starke County Jail. ECF 4. In the proposed amended complaint, Huff reasserts these claims but further alleges that, when he returned from the Starke

County Jail, he was falsely accused of unlawfully possessing a razor. Tabler submitted a probable cause affidavit based on this accusation, which resulted in criminal charges against Huff in the Pulaski Circuit Court for trafficking with an inmate. These allegations suggest an attempt to assert a claim of malicious prosecution against Tabler. Malicious prosecution is a tort recognized under Indiana law, but the Indiana Tort Claim Act does not allow such claims to proceed against governmental employees. *Serino v. Hensley*, 735 F.3d 588, 595 (7th Cir. 2013); Ind. Code. § 34-13-3-3(6).

A claim of malicious prosecution may also be brought under federal law, but this is rarely appropriate because "individuals do not have a federal right not to be summoned into court and prosecuted without probable cause, under either the Fourth Amendment or the Fourteenth Amendment's Procedural Due Process Clause." *Ray v. City of Chicago*, 629 F.3d 660, 664 (7th Cir. 2011). In other words, the act of malicious prosecution alone does not violate a constitutional right. "[T]o state a viable malicious prosecution claim under § 1983, a plaintiff must allege a violation of a particular constitutional right, such as the right to be free from unlawful seizures under the Fourth Amendment, or the right to a fair trial under the Due Process Clause." *Welton v. Anderson*, 770 F.3d 670, 673 (7th Cir. 2014).

The amended complaint does not indicate that the probable cause affidavit extended Huff's term of incarceration such that Huff could allege a violation of his Fourth Amendment rights. The amended complaint also does not indicate that the probable cause affidavit resulted in an unfair trial in violation of the Due Process Clause. Nor does Huff allege that the malicious prosecution caused any other

2

constitutional violation. Because Huff does not identify how the false probable cause affidavit violated his constitutional rights, the allegations relating to the probable cause affidavit do not state a claim upon which relief can be granted.

In the amended complaint, Huff also adds that Tabler provided false testimony at the trial on the criminal charge. However, witnesses have absolute immunity from civil liability for testimony given at trial. *Brisco v. LaHue*, 460 U.S. 325, 345-46 (1983); *Curtis v. Bembenek*, 48 F.3d 281, 283-85 (7th Cir. 1995). Therefore, Huff cannot proceed on the allegations relating to Tabler's testimony at trial.

For these reasons, the court:

(1) DENIES the motion for leave to amend (ECF 29); and

(2) DIRECTS the clerk to indicate that ECF 29 is a Proposed Amended Complaint.

SO ORDERED on September 13, 2018.

s/ Philip P. Simon  
JUDGE  
UNITED STATES DISTRICT COURT